IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
|     Jared Ragan, | ) | Bk. No. 05-33318 |
|     Debtor. | ) | |
| | ) | |
| JARED RAGAN, | ) | |
| PLAINTIFF, | ) | Adv. No. |
|     vs. | ) | |
| VERIZON WIRELESS, AFNI INC., | ) | |
| VAN RU CREDIT CORPORATION, and | ) | |
| PROGRESSIVE MANAGEMENT | ) | |
| SYSTEMS, | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

Plaintiff (Debtor) alleges as follows in support of this Complaint, by and through his undersigned attorney:

1.  On July 27, 2005, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. On that same day, Debtor filed a creditor mailing matrix listing "Verizon Wireless" (hereinafter Verizon) at PO Box 790406 in Saint Louis, MO 63179-0406. On information and belief, the Clerk mailed a copy of the Notice of Commencement to Creditor at the above-listed addresses.

2.  The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334 and 11 U.S.C. Section 362(k). This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(A).

3.  On August 2, 2005, Debtor's counsel received notification from Afni, Inc. on behalf of Verizon acknowledging the filing of Debtor's Chapter 7 Bankruptcy.

4.  On December 5, 2005, Debtor was granted discharge under section 727 of title 11, United States Code (the Bankruptcy Code).

5.    On March 2, 2006, Debtor received three (3) phone calls from a collection agency on behalf of Verizon in an attempt to collect on the debt previously discharged in Chapter 7 Bankruptcy, at which time Debtor gave them information regarding his bankruptcy filing and the undersigned attorney.

6.    On March 16, 2006, Debtor submitted a billing statement from Verizon dated February 6, 2007, in an attempt to collect against the amount previously discharged in the Chapter 7 bankruptcy. Debtor's counsel followed this bill up with a letter to Verizon warning that they were in violation of the bankruptcy protection extended to the debtor.

7.    On September 22, 2006, Debtor received a billing statement from Van Ru Credit Corporation (hereinafter Van Ru) on behalf of Verizon, in an attempt to collect against the amount previously discharged in the Chapter 7 bankruptcy.

8.    On October 4, 2006, Debtor received a phone call from Van Ru on behalf of Verizon in an attempt to collect against the amount previously discharged in the Chapter 7 bankruptcy, at which time Debtor gave Van Ru information regarding his bankruptcy filing and the undersigned attorney.

9.    On April 11, 2007, Debtor received a billing statement from Progressive Management Systems (hereinafter Progressive) on behalf of Verizon in an attempt to collect against the amount previously discharged in the Chapter 7 bankruptcy.

10.   On three (3) occasions between April 9, 2007 and April 20, 2007, Debtor received phone calls from collection agencies on behalf of Verizon in an attempt to collect against the amount previously discharged in the Chapter 7 bankruptcy, at which time he gave them information regarding his bankruptcy filing and the undersigned attorney.

11.    Despite written notice of the Chapter 7 filing from the Clerk, written notice from Debtor's counsel, and written acknowledgement of the bankruptcy directly from Verizon, Defendants knowingly continued their collection action against Debtors on several different occasions.

12.    As a direct and proximate result of the collection actions taken Defendants as aforesaid:

    A.    Debtor has expended unnecessary time, frustration, and inconvenience; and

    B.    Debtor was forced to incur additional attorney's fees and costs in an effort to stop the Creditor from taking further collection action.

13.    The conduct of Defendants in this matter constitutes a willful violation of the automatic stay provided for in 11 U.S.C. § 362(a), entitling Debtors to actual damages, costs, and attorney's fees under 11 U.S.C. § 362(h).

10.    The conduct of Defendants in this matter constitutes cause for the imposition of punitive sanctions designed to deter future misconduct under 11 U.S.C. Section 362(h) in an aggregate amount not less than Five Thousand Dollars ($5,000.00).

    Wherefore, premises considered, Debtors pray for the entry of an Order finding Defendants in contempt of court for their willful violations of the automatic stay, and awarding such actual damages, costs, attorney's fees, punitive damages, and such other relief as is just.

                                        Jared Ragan, Debtors.

                                        BY: /s/ Steven T. Stanton, His Attorney
                                        P.O.Box 405, Edwardsville, IL 62025
                                        (618) 931-3090